UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL DAVIE, | ) | CASE NO. 1:10 CV 2698 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| THE SUPREME COURT OF OHIO, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 29, 2010, plaintiff *pro se* Michael Davie filed this *in forma pauperis* action, under 42 U.S.C. §§ 1983 and 1985, against the Supreme Court of Ohio, the Board on the Unauthorized Practice of Law (BUPL), Curtis J. Sybert, Robin Laine, Ernie Moore, Cynthia Mausser, the Ohio Bar Association, the Cleveland Bar Association, John Hallbauer, T. Allan Regas, Harry E. Smith, Heather Zirke, and John Does 1-10

Plaintiff alleges he is a former Ohio inmate who studied and trained to be a paralegal during his incarceration.  He registered with the state as a freelance paralegal service provider in 2008.  Also in that year, plaintiff filed claims in the Cleveland Municipal Court "for unpaid attorney supervised legal services," in which he prevailed.  In one of the cases, defendant Laine, a Cleveland Small Claims Court Magistrate, found plaintiff had

engaged in the unauthorized practice of law.  This finding was reversed by the Chief Magistrate.

It is further alleged that defendant Mausser, Chairperson of the Ohio Adult Parole Authority, filed a complaint with the Cleveland Bar Association in 2009 against Davie.  The complaint was that Davie had "represented himself as a practicing Attorney at Law during 'a suspension of parole release hearing' or full board parole hearing in the matter of inmate Cleophus Jones."  Jones was ultimately denied parole, and plaintiff asserts he received death threats as a result.

Defendant Hallbauer, a Cleveland Bar Association member, allegedly questioned Davie intensely about his criminal history, and had defendant Smith engage in surveillance activity and interrogations of Davie and his family members.  The Cleveland Bar Association and Hallbauer filed a complaint with the BUPL on December 23, 2009, alleging Davie was engaged in the unauthorized practice of law.  Plaintiff disputes he received proper service of process in the case.  He requested but was denied a jury trial concerning the BUPL complaint, and a hearing is scheduled for December 15, 2010.  Plaintiff's counsel of record in the BUPL proceedings is among the witnesses likely to be called at the hearing.

Plaintiff seeks monetary, declaratory and injunctive relief.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v.*

---

[1]     A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking
(continued...)

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

As a threshold matter, with the exception of defendants Mausser, Moore, Smith and Regas, the defendants in this case are immune from liability for damages. *See, e.g.*, *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 720-22 (6th Cir. 1993)(bar association committees and members immune because they are arms of Supreme Court of Ohio, also immune); *see also, Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (judges are immune from liability for official actions, and scope of the judge's jurisdiction is to be broadly construed in determining immunity). Further, there are no allegations reasonably suggesting a cause of action against Mausser, Moore, Smith and Regas. *See, Ashcroft v. Iqbal*,129 S.Ct. 1937, 1949 (2009)(pleading must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation, and labels and conclusions without factual enhancement will not suffice).

Finally, as to the request for declaratory and injunctive relief, this court lacks jurisdiction. A federal court must abstain from intervening in a pending state criminal court proceeding "when the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts." *Younger v. Harris*, 401 U.S. 37 (1971). These principles were extended to state civil proceedings in *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987). Thus, *Younger* requires federal courts to abstain where: (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his

---

(...continued)
section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

constitutional claims. *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir.1989). Applying these criteria to this case, abstention is appropriate.

The first element for *Younger* abstention is satisfied if a state court proceeding was pending when Davie filed his federal complaint, *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir.1986), which it obviously was.  Further, Ohio clearly has an important interest in determining whether Davie engaged in the unauthorized practice of law.  Finally, plaintiff may raise any constitutional challenges in the pending state proceedings. *Middlesex County Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e).  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 */s/Dan Aaron Polster 12/3/10*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE